**FAVA CUSTOM APPLICATORS, INC., Plaintiff,**

v.

**CUMMINS MID–AMERICA, INC., Defendant.**

No. 4:93CV283–S–O.

United States District Court, N.D. Mississippi, Greenville Division.

Dec. 13, 1995.

tributor of Cummins diesel engines and parts with its principal place of business in Kansas City, Missouri. As a part of its distributorship agreement with the engine manufacturer, CMA is prohibited from providing any sales and services outside of Kansas and part of Missouri.

## II.

Two separate incidents led up to the instant litigation. In the first, Fava physically delivered to CMA at its Colby, Kansas, branch a Cummins diesel engine to be rebuilt. That task was accomplished, but after a short period of time, the rebuilt engine "blew a head gasket." After being notified of this problem, CMA agreed to replace the engine and shipped the replacement to Fava in Mississippi via common carrier. Fava installed the new engine, but it "blew the piston rod out the side of the block." Later, Fava discovered that the new engine was not the same size as the original and therefore "not fit for the purpose for which it was intended to be used." In the second incident, Fava shipped to CMA two additional diesel engines for repair; however, CMA "subsequently informed [Fava] that these engines could not be found, and at this time their location remains unknown." These actions, according to the complaint, resulted in damages for "[d]own-time," repairs, wrecker service, and replacement costs. Fava's president averred that "all ... losses .were sustained in the State of Mississippi," and, in response to the court's request for a supplemental affidavit, that the problems with the two engines occurred in this district.

Glenn H. Williams, Shelby, MS, for Plaintiff.

William R. Striebeck, Greenville, MS, for Defendant.

## *OPINION*

SENTER, Chief Judge.

In this case, plaintiff, a Mississippi corporation, charges that defendant, a Missouri corporation, committed various torts against it in connection with the repair and replacement of certain diesel engines. Presently before the court is defendant's motion to dismiss for lack of *in personam* jurisdiction.

## FACTS

### I.

The plaintiff, Fava Custom Applicators, Inc., is a business engaged in the ground application of fertilizer and herbicides with its principal place of business in Indianola, Mississippi. The defendant, Cummins Mid–America, Inc. (CMA), is an authorized dis-

## III.

A nonresident defendant is subject to personal jurisdiction in a diversity case to the extent permitted by the laws of the forum state. *Cycles, Ltd. v. W.J. Digby, Inc.,* 889 F.2d 612, 616 (5th Cir.1989). This court may assert personal jurisdiction over CMA if (1) Mississippi's long-arm statute applies, and (2) the exercise of jurisdiction under that statute comports with the dictates of the Due Process Clause of the Fourteenth Amendment. *Cycles,* 889 F.2d at 616. Plaintiff bears the burden of proving both of these

requirements, *Applewhite v. Metro Aviation, Inc.,* 875 F.2d 491, 494 (5th Cir.1989), although the constitutional issue will not be considered if service was defective under the long-arm statute. *Cycles,* 889 F.2d at 616. *See also Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1167 (5th Cir.1985).

### A.

■■■ Mississippi's long-arm statute provides in pertinent part:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss.Code Ann. § 13–3–57. Fava argues that personal jurisdiction can be obtained over CMA under the tort prong of this statute. In response, CMA argues that none of the alleged torts occurred in Mississippi. The court does not agree. "For purposes of the tort prong of Mississippi's long arm statute, 'a tortious act outside the state which causes injury within the state confers jurisdiction on the courts of that state.'" *Gross v. Chevrolet Country, Inc.,* 655 So.2d 873, 879 (Miss.1995) (citation omitted). Thus, when the injury occurs here, the tort is committed, at least in part, in this state, *Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1168 (5th Cir.1985), thereby making the nonresident tortfeasor amenable to suit in a Mississippi court under the state's long-arm statute. *Thompson,* 755 F.2d at 1168. The court need look no further than the supplemental affidavit of Fava's president for evidence that the engine CMA repaired and the replacement it sent upon that occasion malfunctioned in this state, thereby bringing CMA within the scope of the tort prong of the Mississippi long-arm statute. The court therefore proceeds to the due process question.

### B.

Recently, the Fifth Circuit concisely described the constitutional questions which must be considered in determining whether the court possesses personal jurisdiction over a nonresident defendant as follows:

> The exercise of personal jurisdiction over a nonresident will not violate due process principles if two requirements are met. First, the nonresident defendant must have purposefully availed [itself] of the benefits and protections of the forum state by establishing "minimum contacts" with that forum state. And second, the exercise of jurisdiction over the nonresident defendant must not offend "traditional notions of fair play and substantial justice." The "minimum contacts" prong of the inquiry may be further subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. Specific jurisdiction is appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction, however, will attach, even if the nonresident defendant's contacts with the forum state are not directly related to the cause of action, if the defendant's contacts with the forum state are both "continuous and systematic."
>
> If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, [the court] must then consider whether the "fairness" prong of the jurisdictional inquiry is satisfied. The Supreme Court has stated that the "fairness" of requiring a nonresident to defend a suit in a distant forum is a function of several factors, including the "interests of the forum State."

*Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir.) (citations and footnotes omitted), *cert. denied* —— U.S. ——, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994).

■■■ With regard to the minimum contacts inquiry, the court finds that CMA's connection with Mississippi is sufficient to satisfy the first inquiry since "[e]ven a single pur-

poseful contact is sufficient to satisfy the due process requirement of 'minimum contacts' when the cause of action arises from the contact." *Thompson*, 755 F.2d at 1172. Indeed, the "shipment of the [engines] into Mississippi represented an affirmative act by [CMA] to introduce its product into Mississippi for use in that state." *Thompson*, 755 F.2d at 1172.

The court's inquiry is not yet concluded, however, for even though minimum contacts exist, the court must decline to exercise jurisdiction over CMA if prosecution of the action in Mississippi would be unreasonable and unfair. *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir.1990). The factors to be considered in testing fairness include the burden upon CMA, the interests of Mississippi, and Fava's interest in securing relief. *Wilson*, 20 F.3d at 647 n. 3.

Although the interests of Fava and the forum state, Mississippi, "tend to support the fairness and reasonableness of Mississippi's exercising jurisdiction in this instance," *Rittenhouse v. Mabry*, 832 F.2d 1380, 1390 (5th Cir.1987), the court believes it would be fundamentally unfair to subject CMA to this court's jurisdiction based on the few contacts precipitating this cause of action. From the uncontradicted affidavit of the president of CMA, that company is very careful to protect its distribution agreement which forbids CMA from selling or servicing Cummins products beyond its designated territory. (In fact, according to CMA, Mississippi lies within the territory of another Cummins distributor.) CMA is not qualified to do business in Mississippi, does not do business in Mississippi, and has never done business in Mississippi. It does not own or control any real or personal property in Mississippi and has no bank account in this state. CMA has no place of business in Mississippi, has never sent a salesperson, agent, or employee here on business, and does not advertise or sell any products in this state. Indeed, when all the evidence is considered, Fava can point to no reason other than "the fact that most of [its] witnesses reside in the State of Mississippi" to persuade this court that exercising jurisdiction over CMA properly comports with the dictates of the Due Process Clause. On this final point, *Thompson* is clearly distinguishable. In that case, two of the three defendants were Mississippi residents, the distance between the nonresident's home, Alabama, and Mississippi was not great or inconvenient to the nonresident, and only a Mississippi court could resolve the matter in a single action. In this case, Fava has sued only one defendant, the distance between Kansas, Missouri, and Mississippi is great and inconvenient to CMA, and this court is not the only one that can resolve this case without piecemeal litigation. Furthermore, all of CMA's witnesses are located in Kansas and Missouri, and Fava, unlike CMA, is no stranger to traveling outside this state to conduct business, as evidenced, for example, by its use of CMA for the servicing of its equipment. Under these circumstances, the court finds that subjecting CMA to further litigation in this court would offend traditional notions of fair play and substantial justice.

## CONCLUSION

Having carefully considered the record, the argument of counsel, and the applicable case law, the court finds that Mississippi's long-arm statute applies in this case but that the exercise of jurisdiction under that statute does not comport with the dictates of the Fourteenth Amendment. Accordingly, defendant's motion to dismiss for lack of *in personam* jurisdiction is well taken and is granted.

An appropriate final judgment shall issue.